69 F.3d 549
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Earnest WILLIAMSON, Petitioner-Appellant,
v.
R. Michael CODY, Respondent-Appellee.
 No. 95-6087.
 United States Court of Appeals, Tenth Circuit.
 July 6, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from an order dismissing a petition under 28 U.S.C. 2254. Contrary to petitioner's claim he was denied adequate representation of counsel because of improper advice at the time of arraignment, the district court found otherwise. Petitioner contended he was advised by counsel the sentence for the crime to which he entered a plea of guilty would run concurrently with a prior sentence, but the district court found the record of the state proceeding did not support that contention.
 
 
 3
 From the state record of the arraignment, the district court found petitioner was asked by the court whether anyone had promised him his sentence would be "anything less than the maximum," and whether he had been promised the sentencing court "would run the sentence concurrent with any other sentence." To both of these questions, petitioner answered "No." He further told the state court he understood it had not at that time "determined what an appropriate sentence would be."
 
 
 4
 We agree with the district court these admissions completely belie petitioner's basic contention he was misinformed he was entitled to a concurrent sentence. The application for certificate of probable cause is GRANTED, and the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470